## Commonwealth National Bank v. York Bus Co.

*Russell F. Griest,* for plaintiff.

*Eugene R. Campbell,* for claimants.

ATKINS, P. J., December 6, 1971.—On August 4, 1970, the First National Bank of York, York, Pa., now Commonwealth National Bank, hereafter called "Bank," entered a judgment in this court to No. 2352, May Term, 1970, on a note dated October 27, 1969, in the amount of $35,000 against defendant, York Bus Company. The note listed four buses of defendant as collateral security. The buses were identified by serial numbers. Each Certificate of Title issued for the buses listed an encumbrance in favor of the bank in the amount of $35,000.

Three separate executions were issued on the judgment. Levies were made on the property of defendant including the property of the buses identified on August 28, 31, and September 1, 1970. Sale was held by the sheriff October 7, 1970.

Prior to the sale, a claim for wages earned within the last six months was filed on behalf of 35 claimants. On October 27, 1970, the bank filed a motion to strike the wage claims. Then on November 4, 1970, it filed exceptions to the sheriff's proposed schedule of distribution. Subsequently, depositions were taken by both parties in support of their respective positions.

In the motion to strike, the reasons for the motion are stated to be:

1. The claim fails to state when the wages were earned, thus making it impossible to ascertain if the wages were earned before the lien of the bank was perfected.

2. The lien fails to state whether the services were performed pursuant to a written or oral contract at the request of the York Bus Company.

3. The bank has a vested lien by reason of the encumbrance placed upon the documents of title on the date of its loan to the York Bus Company and by reason of its judgment note given on the same date as collateral for the loan which precludes the lien for services rendered by the employes.

In the exceptions to the sheriff's distribution, two reasons were alleged which correspond with reasons 1 and 3 above. Reason 2 was not briefed or argued. Hence, we consider it abandoned. In any event it is totally without merit.

While it is true that the lien states merely that the wages were earned within the six months prior to the levy, this appears to be sufficient even though the exact dates on which the wages were earned were not set forth in detail. See Hall's Estate, 148 Pa. 121. In any event, there are depositions in the record from which it is clear that the wages in question were earned between July 10 and July 25, 1970, which is prior to and within six months of both the entry of judgment and the levy.

The issue of priority of claims between the bank and these wage claimants must be determined by the language of the Act of April 9, 1872, P. L. 47, as amended by the Act of June 13, 1883, P. L. 116; the Act of June 3, 1887, P. L. 337, and the Act of May 12, 1891, P. L. 54, 43 PS §221, et seq.

Section 1, insofar as material, provided that:

"All moneys that may be due or hereafter become due for labor and services . . . whether at so much per diem or otherwise, for any period not exceeding six months preceding the sale or transfer of the real or personal property [of such employer] . . . shall be preferred and first paid out of the proceeds of the sale of such real and personal property. . . ."

The bank argues that section 4 of the act grants it priority over these wage claims. This section provides:

"No mortgage, or other instrument by which a lien is hereafter credited [sic], shall operate to impair or postpone the lien and preference given and secured to the wages and moneys mentioned in the first section of this act: Provided, That no lien of mortgage or judgment entered before such labor is performed, shall be effected [sic] or impaired thereby."

It will be noted that only the liens of mortgages or judgments entered before the labor is performed are protected. Here the judgment was entered after the last date on which any labor was performed. Although four of these buses were listed as collateral security on the note to the bank, that was a matter only between the bank and defendant, and did not constitute the entry of a judgment, nor can the notation on the certificate of title be considered either a mortgage or a judgment.

While it is true that section 203 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §203, does provide that a notation on a lien on the certificate of title for a motor vehicle "shall be adequate notice to the Commonwealth, creditors, subsequent mortgagees, lienors, encumbrancers and purchasers that a lien against the motor vehicle, trailer, or semi-trailer exists," it does not give to that lien the status of a judgment or a mortgage. It is not, therefore, such a lien as is afforded exemption from the priority of the lien for wages earned within six months of the sheriff's levy.

We, therefore, enter this

ORDER

And now, to wit, this December 6, 1971, it is ordered,

446

adjudged, and decreed that the motion to strike the wage claim be, and is, hereby refused, and the exceptions to the sheriff's proposal are hereby dismissed.